1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING TO PROFESSIONAL LIABILITY POLICY SUA 12139,<br><br>Plaintiffs,<br><br>v.<br><br>NOTEWORLD, LLC, NOTEWORLD COMPANY, INC., NOTEWORLD WASHINGTON, INC., NOTEWORLD CALIFORNIA, INC., NOTEWORLD FINANCIAL LLC and NOTEWORLD SERVICING SYSTEMS, INC.,<br><br>Defendants. | NO.<br><br>COMPLAINT FOR RESCISSION AND DECLARATION OF JUDGMENT |

Plaintiffs, Certain Underwriters at Lloyd's, London Subscribing to Professional Services Liability Policy SUA 12139 ("Underwriters"), by and through their counsel, assert the following allegations and causes of action against Defendants, NoteWorld, LLC, NoteWorld Company, Inc., NoteWorld Washington, Inc., NoteWorld California, Inc., NoteWorld Financial LLC, and NoteWorld Servicing Systems, Inc. (collectively, "NoteWorld" or "NoteWorld Insureds"):

COMPLAINT FOR RESCISSION AND
DECLARATION OF JUDGMENT - 1 of 14
[100016539.docx]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

## NATURE OF ACTION AND SUMMARY

1. On information and belief, NoteWorld is in the business of payment servicing, consisting of, among other things, collecting, processing and disbursing payments on behalf of customers and debt reduction companies.

2. Underwriters seek to rescind Professional Services Liability Policy Certificate No. SUA 12139, issued to NoteWorld effective November 30, 2009 (the "Policy"), because NoteWorld induced Underwriters to issue the Policy by misrepresenting and concealing the existence of numerous lawsuits that had been filed against NoteWorld LLC and/or other NoteWorld Insureds.

3. When applying for the Policy in 2009, with an intent to deceive Underwriters, NoteWorld failed to disclose at least nineteen prior professional liability claims against NoteWorld LLC and/or NoteWorld Insureds, including at least one consumer class action lawsuit.

4. In the Application for the Policy, Underwriters asked NoteWorld whether any professional liability claims or suits had been brought against NoteWorld, any predecessor company or any proposed insured, to which NoteWorld responded "no."

5. In issuing the Policy to NoteWorld, Underwriters relied upon the false statements of material fact in the Application. If NoteWorld had submitted to Underwriters truthful and accurate insurance applications, Underwriters would not have issued the Policy, or would have done so on materially different terms.

6. Underwriters seek a declaration from this Court, pursuant to 28 U.S.C. § 2201, that Professional Services Liability Policy SUA 12139 issued to NoteWorld is rescinded and is void *ab initio.*

COMPLAINT FOR RESCISSION AND
DECLARATION OF JUDGMENT - 2 of 14
[100016539.docx]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 -  FACSIMILE (206) 676-7575

## THE PARTIES

7. On information and belief, defendants, NoteWorld Company, Inc., NoteWorld California, Inc., NoteWorld Washington, Inc., and NoteWorld Servicing Systems, Inc., are corporations organized and existing pursuant to the laws of the State of Washington; defendants, NoteWorld LLC and NoteWorld Financial, LLC, are corporations organized and existing pursuant to the laws of the State of Delaware; and NoteWorld LLC has its principal place of business in Tacoma, Washington.

8. Underwriters are members of Lloyd's Syndicate Nos. 3000, 1084, 1274, 4444 and 1400 that subscribe to the Policy, each is a corporation and none is incorporated or maintains its principal place of business in the States of Washington or Delaware.

## JURISDICTION AND VENUE

9. Jurisdiction is proper in this Court, pursuant to 28 U.S.C. § 1332 (a), because there is complete diversity of citizenship between the Plaintiffs and each of the Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

10. Venue is proper in this District, pursuant to 28 U.S.C. § 1391(a)(2), because a substantial part of the events or omissions giving rise to Underwriters' claims for declaratory judgment occurred in this District.

11. This Court also has jurisdiction pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure because there is an actual controversy between the parties.

COMPLAINT FOR RESCISSION AND
DECLARATION OF JUDGMENT - 3 of 14
[100016539.docx]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

## UNDERWRITERS' POLICY

12. The Policy is a claims made professional liability policy under which coverage applies to professional liability claims first made during the policy period. The Insuring Clause of the Policy provides:

13. The Policy affords coverage for the period November 30, 2009 to November 30, 2010. As set forth in Item 3 of the Declarations, the Policy has a $3,000,000 Aggregate Limit of Liability for each Policy Period, including Defense Costs. The Policy is subject to a $25,000 Retention for each Claim pursuant to Item 4 of the Policy Declarations. The Policy is also subject to a Retroactive Date of November 30, 2007, as set forth in Item 6 of the Policy Declarations, and a Coverage Date of November 30, 2007, as set forth in Item 7 of the Policy Declarations.  A true and correct copy of the Policy is attached hereto as Exhibit A.

> I.   **INSURING AGREEMENT**
>
> The Company will pay on behalf of the **INSURED LOSS** in excess of the Retention stated in Item 4 of the Declarations which the **INSURED** shall become legally obligated to pay as a result of any **CLAIM** first made against the **INSURED** during the **POLICY PERIOD** for a **WRONGFUL ACT** that occurred on or after the Retroactive Date stated in Item 6 of the Declarations.

14. In the Section IV of the Policy ("Definitions"), the terms **CLAIM** and **WRONGFUL ACT** are defined as follows:

> B.   **"WRONGFUL ACT"** means any actual or alleged negligent act, negligent error or negligent omission committed by the **INSURED** solely in the performance of or failure to perform professional services for others in the **INSURED'S** Profession as stated in Item 1.A. of the Declarations
>
> \* \* \*
>
> F.   **"CLAIM"** means a written demand for money damages received by an **INSURED**, including service of suit and institution of administrative or arbitration proceedings.

COMPLAINT FOR RESCISSION AND
DECLARATION OF JUDGMENT - 4 of 14
[100016539.docx]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 -  FACSIMILE (206) 676-7575

15.     Item 1.A of the Policy, as amended by endorsement, identifies the Insured's business or profession as: "LOAN SERVICER/ESCROW AGENT/ PAYMENT PROCESSOR."

16.     The Policy is the third of three consecutive Professional Services Liability Policies issued to NoteWorld by Underwriters.  Underwriters issued Professional Services Liability Policy SUA 11342 to NoteWorld for the Policy Period November 30, 2007 to November 30, 2008 (the "2007 Policy").  Underwriters issued Professional Services Liability Policy SUA 11866 to NoteWorld for the Policy Period November 30, 2008 to November 30, 2009 (the "2008 Policy").

17.     The 2007 Policy and the 2008 Policy contain the same Insuring Agreement, the same Definitions of "Wrongful Act" and "Claim," and the same description of the Insured's business or profession as the Policy.

18.     Section VII of the Policy ("General Conditions") states:

**VII.    GENERAL CONDITIONS**

**A.      APPLICATION**

By acceptance of this Policy, all **INSUREDS** agree as follows:

1.  The particulars and statements contained in this application, a copy of which is attached hereto, and any materials submitted therewith (which are on file with the Company and are deemed attached hereto, as if physically attached hereto) are true and are the basis of the Policy and are to be considered as incorporated into and constituting a part of this Policy;

2.  the statements in the applications and in any materials submitted therewith are the **INSUREDS'** representations and shall be deemed material to the acceptance of the risk or the hazard assumed by the Company under this Policy and this Policy is issued in reliance upon the truth of such representations;

**COMPLAINT FOR RESCISSION AND**
**DECLARATION OF JUDGMENT - 5 of 14**
[100016539.docx]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 -  FACSIMILE (206) 676-7575

3. in the event the application, including materials submitted therewith, contains any misrepresentation made with the actual intent to deceive or contains any misrepresentation that materially affects either the acceptance of the risk or the hazard assumed by the Company under this Policy, this Policy shall be void in its entirety and of no effect whatsoever; and

4. this Policy shall be deemed to be a single unitary contract and not a severable contract of insurance or a series of individual contracts with each of the **INSUREDS**.

## TENDER OF CLAIMS IN 2010

19. On March 24, 2010, NoteWorld provided notice to Underwriters of a Complaint filed against, among others, NoteWorld, LLC d/b/a NoteWorld Servicing Center, on behalf of a purported class of Washington consumers in a matter captioned: *Doyle Wheeler and Carrie Wheeler, etc. v. Freedom Debt Center et al.* which was filed in the Superior Court for the State of Washington on January 15, 2010, and is identified as Case No. 10200225-6. NoteWorld also provided notice to Underwriters that on June 24, 2010, a lawsuit was filed by the same plaintiffs against, among others, NoteWorld, LLC d/b/a NoteWorld Servicing Center, on behalf of a purported class of Washington consumers, which was filed in the United States District Court for Eastern District of Washington, is captioned: *Doyle Wheeler and Carrie Wheeler, etc. v. NoteWorld, LLC et al.* and is identified as Case No. CV 10-202.

20. On August 24, 2010, NoteWorld provided notice to Underwriters of a Complaint filed against, among others, NoteWorld, LLC d/b/a NoteWorld Servicing Center, on behalf of a purported class of Washington consumers in a matter captioned: *Dianne Morefield v. NoteWorld, LLC,* which was filed in the Superior Court for Richmond County, Georgia, and is identified as Civil Action No. 2010 RCCV 550. On March 2, 2011, NoteWorld provided notice to Underwriters that the law firm representing the Morefield

COMPLAINT FOR RESCISSION AND
DECLARATION OF JUDGMENT - 6 of 14
[100016539.docx]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 -  FACSIMILE (206) 676-7575

plaintiffs had filed a federal action against NoteWorld, LLC, and that the federal action contains the "same causes of action and the same allegations" as the Morefield Georgia State action. The federal action is captioned: *Hattie Burke v. NoteWorld, LLC dba NoteWorld Serving Center*, was filed in the United States District Court for the Southern District of Georgia on February 25, 2011 and is identified as Case No. 1:11-cv-00029.

### MISREPRESENTATIONS OF MATERIAL FACTS
### IN THE APPLICATIONS FOR UNDERWRITERS' POLICY

21. NoteWorld submitted to Underwriters an application for insurance coverage dated November 8, 2009, signed by Linda Remsberg, the sole owner, President and CEO of NoteWorld, LLC (the "Application").

22. NoteWorld also submitted to Underwriters a supplemental application for insurance coverage dated November 30, 2009, also signed by Linda Remsberg.

23. The Policy states, in Section VII. A., that the application is part of the Policy. A true and correct copy of the Policy is attached hereto as Exhibit A. True and correct copies of the Application and Supplemental Application attached to and are a part of the Policy.

24. NoteWorld made material misrepresentations of fact in the Application and the Supplemental Application for the Policy and was aware, at the time of execution and submission, that such information was false.

### KNOWING MATERIAL MISREPRESENTATIONS
### IN ANSWER TO QUESTION 39 OF THE APPLICATION

25. Question No. 39. of the Application inquires:

> 39. Has any professional liability claim or suit ever been brought against the Applicant and/or any predecessor company and/or any person proposed to be insured?

COMPLAINT FOR RESCISSION AND
DECLARATION OF JUDGMENT - 7 of 14
[100016539.docx]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 -  FACSIMILE (206) 676-7575

|   |   |
|---|---|
| 1 | [Answer: ] No |
| 2 | If "Yes," How many? |
| 3 | [Answer blank] |
| 4 | If "Yes, please complete a Claim supplement/Potential Claim Supplement for each. |
| 5 | |
| 6 | [None submitted]. |

26. Prior to the inception of the Policy on November 30, 2009, at least 19 lawsuits, including at least one consumer class action, had been made against one or more of the NoteWorld Insureds and/or their predecessors in business.

27. At the time of the submission of the Application, Remsberg and certain other officers and employees of NoteWorld knew of the existence of those lawsuits and, with intent to deceive Underwriters, NoteWorld concealed that information in response to question 39 of the Application.

28. NoteWorld's prior claim history was material to Underwriters' evaluation of the risk assumed. If NoteWorld had submitted to Underwriters truthful and accurate information in response to Question 39 of the Application, Underwriters would not have issued the Policy, or would have done so on materially different terms.

## KNOWING MATERIAL MISREPRESENTATIONS
## IN ANSWER TO QUESTION 40 B OF THE APPLICATION

29. Question No. 40 b of the Application inquires:

> 40. Does the applicant or any predecessor in business or any of the past or present partners Officers, Directors or employees have any reasonable basis:
>
> * * *
>
> b. to believe that the applicant or any predecessor in business or any of the past or present partners Officers, Directors or employees are aware of any circumstances, incidents or situations during the last five years which may

COMPLAINT FOR RESCISSION AND
DECLARATION OF JUDGMENT - 8 of 14
[100016539.docx]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 -  FACSIMILE (206) 676-7575

result in claims being made against the applicant or any of the past or present partners Officers, Directors or employees or former employees?

30.  In response to Question No. 40 b of the Application, NoteWorld answered "No."

31.  At the time of the submission of the Application, Remsberg and certain other officers and employees of NoteWorld knew of the existence of at least 19 lawsuits against NoteWorld, including at least one consumer class action and, with intent to deceive Underwriters, NoteWorld concealed that information in response to question 40 b of the Application.

32.  NoteWorld's prior claim history was material to Underwriters' evaluation of the risk assumed.  If NoteWorld had submitted to Underwriters truthful and accurate information in response to Question 40 b of the Application, Underwriters would not have issued the Policy, or would have done so on materially different terms.

### MATERIAL MISREPRESENTATIONS IN THE WARRANTY STATEMENTS OF THE APPLICATION AND THE SUPPLEMENTAL APPLICATION

33.  The Application signed by Remsberg on behalf of NoteWorld contains the following representations and warranties:

> The undersigned authorized person, on behalf of the applicant attest[s] that all claims have been reported if applicant is aware of them. The Applicant further understands that any claim submitted after completion of this application shall render any terms provided void and Underwriters shall have the right to re-underwrite the Applicant. In addition, no information provided by this Application or submitted with this Application shall be deemed to report a claim.  Such notice should be made as instructed by the policy.

> The undersigned authorized person, on behalf of the applicant, attests that to the best of his or her knowledge or

COMPLAINT FOR RESCISSION AND
DECLARATION OF JUDGMENT - 9 of 14
[100016539.docx]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 -  FACSIMILE (206) 676-7575

> belief, the statements set forth herein are true. Although the signing of this Application Form does not bind the undersigned to effect Insurance, the undersigned agrees that this application and the said statements shall be the basis of the policy of insurance and shall be deemed incorporated therein, should the Company evidence its acceptance of this application by issuance of a policy.
>
> The undersigned person on behalf of the applicant declares that the above statements are true, that neither the undersigned applicant nor the applicant has suppressed or misstated any facts and that at the present time the applicant has no reason to anticipate any claims being brought against the applicant or any representative of the applicant and that or knowledge of any negligent act error, omission or offense on the applicant's part or any representative of the applicant except as stated herein and agrees that this Application Form shall be the basis of the contract between the Applicant and the Company and shall be deemed a part hereof.

34. The Supplemental Application signed by Remsberg on behalf of NoteWorld on November 30, 2009 contains the same representations and warranties quoted in paragraph 33 hereof.

35. The representations and warranties contained in both the Application and the Supplemental Application were knowingly false when made because NoteWorld knew of the existence of at least 19 prior claims that had not been disclosed to Underwriters.

## COUNT I

## RESCISSION OF THE POLICY

36. Underwriters reallege and incorporate herein each and every allegation made in Paragraphs 1 through 35, above.

37. When applying for the Policy, with an intent to deceive Underwriters, NoteWorld misrepresented, concealed and omitted material facts in the Application and Supplemental Application with regard to its prior claim history.

COMPLAINT FOR RESCISSION AND
DECLARATION OF JUDGMENT - 10 of 14
[100016539.docx]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 -  FACSIMILE (206) 676-7575

38. Underwriters issued the Policy in reliance upon the truth, completeness and accuracy of the information contained in the Application and Supplemental Application submitted by NoteWorld.

39. The misrepresentations, concealments and omissions in the Application and Supplemental Application are material to the risk NoteWorld sought to insure.

40. NoteWorld benefited from the misrepresentations, concealments and omissions in the Application and Supplemental Application, in that NoteWorld obtained a Policy of insurance to which it was not entitled, or on terms materially different than those to which Underwriters would have agreed had such facts been fully and accurately disclosed.

41. Had NoteWorld provided truthful, accurate and complete information in the Application and the Supplemental Application, Underwriters would not have issued the Policy, or would have done so on materially different terms.

42. As a result of its reliance upon NoteWorld's misrepresentations and omissions of material facts, Underwriters are entitled to rescind the Policy as to all Insureds. Underwriters are providing notice of this rescission to NoteWorld and are returning and/or tendering all premiums paid as required by applicable law.

43. Underwriters have performed or NoteWorld has waived all conditions precedent to the filing of this action.

44. Underwriters have no adequate remedy at law that would place Underwriters and NoteWorld in the positions they were before the Policy was issued to NoteWorld.

COMPLAINT FOR RESCISSION AND
DECLARATION OF JUDGMENT - 11 of 14
[100016539.docx]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 -  FACSIMILE (206) 676-7575

## COUNT II

## DECLARATION OF UNDERWRITERS' CONTRACTUAL RIGHT TO VOID OR RE-UNDERWRITE THE POLICY

45. Underwriters reallege and incorporate herein each and every allegation made in Paragraphs 1 through 44 above.

46. Section VII. A. of the Policy states in relevant part:

> By acceptance of this Policy, all **INSUREDS** agree as follows:
>
> * * *
>
> 3. in the event the application, including materials submitted therewith, contains any misrepresentation made with the actual intent to deceive or contains any misrepresentation that materially affects either the acceptance of the risk or the hazard assumed by the Company under this Policy, this Policy shall be void in its entirety and of no effect whatsoever;

47. The Policy is void in its entirety and of no effect whatsoever because the Application and Supplemental Application contain misrepresentations made with the actual intent to deceive, and because they affected the acceptance of the risk and the hazard assumed by the Underwriters under the Policy.

48. The Application and the Supplemental Application of the Policy state in part as follows:

> The undersigned authorized person, on behalf of the applicant attest[s] that all claims have been reported if applicant is aware of them. The Applicant further understands that any claim submitted after completion of this application shall render any terms provided void and Underwriters shall have the right to re-underwrite the Applicant.
>
> * * *

49. Based on the language contained in the Application and the Supplemental Application of the Policy, the discovery of known but undisclosed claims after the Policy's

COMPLAINT FOR RESCISSION AND
DECLARATION OF JUDGMENT - 12 of 14
[100016539.docx]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 -  FACSIMILE (206) 676-7575

inception entitle Underwriters to re-underwrite and revise the Policy based on the true risks.

WHEREFORE, Plaintiffs, Certain Underwriters at Lloyd's, London Subscribing to Professional Services Liability Policy SUA 12139, pray for judgment declaring that:

A. The Policy is rescinded, that the Policy is void *ab initio* and without legal force or effect, and that Underwriters have no obligation or duty to provide coverage for any claims presently asserted or that may be asserted under the Policy.

B. In the alternative, by its terms, Underwriters have the right to re-underwrite the Policy based on the true facts.

C. Such other relief as the Court deems equitable and just.

Dated: May 25, 2011

      /s/ Michael E. Ricketts
Michael E. Ricketts, WSBA No. 9387
E-mail mricketts@gth-law.com
James E. Horne, WSBA No. 12166
GORDON THOMAS HONEYWELL LLP
600 University Street, Suite 2100
Seattle, Washington 98101
Tel: 206-676-7500
Fax: 206-676-7575

and

      /s/ Randall I. Marmor
Randall I. Marmor (*pro hac vice pending*)
Ellen B. VanVechten (*pro hac vice pending*)
CLAUSEN MILLER, P.C.
10 South LaSalle Street
Chicago, IL 60603-1098
Tel: 312-855-1010
Fax: 312-606-7777

COMPLAINT FOR RESCISSION AND
DECLARATION OF JUDGMENT - 13 of 14
[100016539.docx]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

| | |
|---|---|
| 1 | |
| 2 | Attorneys for Defendant Certain Underwriters at Lloyd's, London Subscribing to Professional Services Liability Policy SUA 12139 |
| 3 | |

**COMPLAINT FOR RESCISSION AND DECLARATION OF JUDGMENT - 14 of 14**
[100016539.docx]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 -  FACSIMILE (206) 676-7575